ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER, SBN 291836 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone No. (650) 684-0950
Fax No. (415) 522-3425
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

DOUGLAS M. EGBERT (SBN 265062)
CHRISTOPHER J. TRUXLER (SBN 282354)
JACKSON LEWIS P.C.
400 Capitol Mall, Suite 1600
Sacramento, California 95814
Telephone No. (916) 341-0404
Fax No. (916) 341-0141
douglas.egbert@jacksonlewis.com
christopher.truxler@jacksonlewis.com

Attorneys for *Defendants Schwarz Partners, LP
And Packaging Corporation of America
Central California Corrugated, LLC.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PACKAGING CORPORATION OF AMERICA CENTRAL CALIFORNIA CORRUGATED, LLC, and SCHWARZ PARTNERS, LP,<br><br>Defendants. | Case No.: 2:20-cv-01948-MCE-CKD<br><br>**JOINT RULE 26(f) DISCOVERY PLAN; ORDER EXTENDING EXPERT DISCOVERY** |

Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) and Defendants Packaging Corporation of America Central California Corrugated, LLC (PCACCC) and Schwarz Partners, LP (Schwarz) (collectively, Defendants), submit this Joint Rule 26(f) Discovery Plan &

[Proposed] Order pursuant to the Court's Initial Scheduling Order (ECF 3).

I.  **DISCOVERY PLAN**

   A.  **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

In accordance with Fed. R. Civ. P. 26(a), the EEOC and Defendants intend to, and stipulate to exchanging Initial Disclosures on May 10, 2021.

   B.  **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties do not believe discovery should be conducted in phases. Without waiving any rights to challenge discoverability, admissibility, or otherwise, the Parties anticipate that discovery will be on those subjects related to Plaintiff's claims and damages, and Defendants' defenses, including, but are not limited to the following:

**Plaintiff**

1. Allegations/reports of racial harassment at Defendants' facility located in McClellan, California (McClellan Facility), and Defendants' responses to same;

2. The relevant personnel records of employees, managers and Human Resources personnel involved in reports or investigations of racial harassment at the McClellan Facility;

3. The training Defendants provided to their employees, including Human Resources personnel and managers regarding Equal Employment Opportunity laws and policies, and training, guidance or directives related to Title VII;

4. The corporate relationship between Defendants;

5. Charging Parties' damages; and

6. Relevant company policies, including HR and EEO policies.

**Defendants**

1. The Charging Parties' communications with others regarding their employment and the facts alleged in the First Amended Complaint (FAC); and

2. Charging Parties' medical and employment records, both prior to and after the

facts alleged in the FAC.

**Discovery Scheduling**

The Court's Initial Pretrial Scheduling Order (ECF 3) sets forth the deadlines for the parties to complete discovery and expert discovery, and to file dispositive motions. The parties calculate those deadlines as follows:

| EVENT | DEADLINE |
|---|---|
| Deadline to complete non-expert discovery | April 1, 2022 |
| Deadline for expert witness disclosures | May 31, 2022 |
| Deadline for rebuttal expert witness disclosures | June 30, 2022 |
| Joint Trial Readiness Report (if no dispositive motions are filed) | August 1, 2022 |
| Dispositive Motions | September 28, 2022 |

In addition, the Parties propose that the Court set **September 14, 2022**, as the deadline for the parties to complete expert discovery. Good cause exists for doing so because 1) the Initial Scheduling Order does not currently address this deadline, 2) the proposed deadline will not affect any other deadlines in the case, and 3) this proposed deadline will encourage the Parties to complete all expert discovery before dispositive motions, thus avoiding the potential for expert discovery to disrupt the dispositive motion briefing schedule.

**C.  Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

**1.  Preservation of ESI**

The parties met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve potentially relevant ESI. The Parties continue to explore the existence of custodians and systems containing ESI. Plaintiff has proposed that the parties enter into an ESI Stipulation and Order. The parties will continue these discussions.

**2.  Discovery and Form of Production**

The parties will conduct, serve, and respond to discovery in accordance with the Federal

Rules of Civil Procedure and Local Rules. Discussions relating to what search and review methodology each party will employ for potentially relevant ESI are ongoing. The EEOC provided Defendants with its written specifications to produce discovery in accordance with industry standards for the Relativity platform. The parties are meeting and conferring concerning the form of Defendants' production, and to the nature and extent of the E-discovery to be completed ahead of ADR.

**D. Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

### 1. Preservation of ESI

The parties agree and stipulate that the following categories of documents shall be excluded from privilege logs:

<u>Attorney-client privilege:</u>

(a) Communications between Defendants' in-house or outside counsel (or among them) that post-date the filing of the Complaint;

(b) Communications between Defendants' in-house or outside counsel (and Defendants' management personnel) that post-date the filing of Mr. Calloway's Charge of Discrimination (which includes communications in reference to Mr. Damon Douglas or Mr. Lyles that post-date Mr. Calloway's Charge);

(c) Communications between EEOC employees and Mr. Calloway, Mr. Lyles or Mr. Damon Douglas after September 28, 2019; and

(d) Communications between or amongst EEOC enforcement (i.e. investigation) staff and EEOC legal staff that post-date the filing of Mr. Calloway's Charge of Discrimination (which includes communications in reference to Mr. Douglas or Mr. Lyles that post-date Mr. Calloway's Charge).

///

| | | |
|---|---|---|
| 1 | | Attorney work product: |
| 2 | (a) | Documents created by Defendants' outside or in-house counsel that |
| 3 | | post-date the filing of Mr. Calloway's Charge of Discrimination; and |
| 4 | (b) | Documents created by EEOC attorneys that post-date the filing of |
| 5 | | Mr. Calloway's Charge of Discrimination (which includes documents |
| 6 | | created in reference to Mr. Lyles or Mr. Douglas that post-date |
| 7 | | Mr. Calloway's Charge). |

### 2. Fed. R. Evid. 502(d) Inadvertent Productions

The parties are meeting and conferring regarding a Fed. R. Evid. 502(d) Stipulation and Order and the treatment of inadvertently produced documents. In accordance with Fed. R. Evid. 502(d), the parties do stipulate that the production of privileged or work-product protected documents or electronically stored information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The parties further agree that this stipulation shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

### E. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

The parties agree that it would be beneficial to engage in early ADR through private mediation after targeted discovery. The parties agree to limit discovery to written discovery until the completion of ADR and agree that each party shall serve no more than 35 separate requests for production of documents prior to completing ADR. The parties do not currently anticipate seeking other discovery limitations. The parties agree to meet and confer, and attempt to achieve a joint resolution, regarding all discovery disputes before seeking judicial intervention.

The parties continue to meet and confer concerning the collection and format of ESI produced in discovery. There are no current discovery disputes.

### F. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

None at this time.

## II. SETTLEMENT AND ADR

The parties are willing to participate in private mediation following limited and tailored discovery, the scope and nature of which is being negotiated. The parties anticipate completing ADR by September 30, 2021.

### [PROPOSED] ORDER

Therefore, the Parties hereby stipulate to and request that the Court order the following relief:

1. The deadline to complete expert discovery shall be September 14, 2022.

Respectfully Submitted,

Dated: April 22, 2021

*/s/ James H. Baker*
James H. Baker
Trial Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
*Attorneys for Plaintiff*

Dated: *Authorized on April 22, 2021*

*/s/ Douglas Egbert*
Douglas Egbert
Partner
JACKSON LEWIS P.C.
*Attorneys for Defendants*

### ORDER

In accordance with the foregoing stipulation of the Parties, and good cause appearing, the deadline for completion of expert discovery shall be September 14, 2022.

IT IS SO ORDERED.

**Dated: April 28, 2021**

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE