ROBERTA STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER, SBN 291836 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone No. (650) 684-0950
Fax No. (415) 522-3425
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

NICHOLAS W. MCKINNEY (SBN 322792)
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 9514
Telephone: 916.830.7200
Facsimile: 916.561.0828
NMcKinney@littler.com

TIMOTHY S. ANDERSON, *Pro Hac Vice*
LITTLER MENDELSON, P.C.
127 Public Square, Suite 1600
Cleveland, OH 44114
Telephone: 216.696.7600
Facsimile: 216.696.2038
tanderson@littler.com

Attorneys for Defendant,
*Packaging Corporation of America Central California Corrugated, LLC*

GINA M. ROCCANOVA (SBN 201594)
JACKSON LEWIS P.C.
400 Capitol Mall, Suite 1600
Sacramento, California 95814
Telephone No. (916) 341-0404
Fax No. (916) 341-0141
Gina.Roccanova@jacksonlewis.com

Attorneys for *Defendant Schwarz Partners, LP*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PACKAGING CORPORATION OF AMERICA CENTRAL CALIFORNIA CORRUGATED, LLC, and SCHWARZ PARTNERS, LP,<br><br>Defendants. | Case No.: 2:20-CV-01948-MCE-CKD<br><br>**CONSENT DECREE** |

## I. INTRODUCTION

1. Plaintiff U.S. Equal Employment Opportunity Commission (EEOC or Commission) brought this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII) to correct alleged unlawful employment practices on the basis of race, and to provide appropriate relief to Charging Parties Caleb Calloway and Marvin Lyles (Charging Parties). The EEOC filed suit against Defendants Packaging Corporation of America Central California Corrugated, LLC (PCACCC) and Schwarz Partners, LP (Schwarz) (collectively, Defendants), and alleged that Defendants engaged in unlawful discrimination in violation of Title VII by subjecting Charging Parties to a hostile work environment on the basis of their race, and by constructively discharging Caleb Calloway. Defendants have denied the EEOC's claims in their entirety.

2. In the interest of resolving this matter, the EEOC and Defendants (collectively, the Parties) enter into this Consent Decree to resolve the lawsuit without further litigation or admission of liability. This Consent Decree shall not constitute an adjudication or finding on the merits of the disputed claims.

## II. PURPOSES AND SCOPE OF THE CONSENT DECREE

3. This Consent Decree (Decree) shall be binding on and enforceable against Defendants, their management (including all officers, managerial and supervisory employees), agents, successors, and assigns.

4. The Parties have entered into this Decree in order to:
    a. provide monetary and injunctive relief;
    b. ensure that Defendants' employment practices comply with Title VII;
    c. ensure a work environment at Defendants free from racial discrimination and harassment;
    d. ensure training for Defendants' employees, including officers, managers, superintendents, leads, supervisors, and human resources employees with respect to their obligations and rights under Title VII; and,
    e. ensure that Defendants' policies and procedures shall be implemented in a manner that does not discriminate against individuals on the basis of race.

### III. SCOPE OF RESOLUTION

5. This Decree completely and finally resolves all claims made by the EEOC in its First Amended Complaint (FAC) [ECF 16] filed in the United States District Court, Eastern District of California, in the action captioned *U.S. Equal Employment Opportunity Commission vs. Packaging Corporation of America Central California Corrugated LLC and Schwarz Partners LP,* Case No. 2:20-CV-01948-MCE-CKD, including, but not limited to, all claims and allegations contained in EEOC Charge Nos. 555-2018-01917 and 555-2018-02034 (hereinafter, Action).

6. Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendants fail to comply with the applicable terms of the Decree.

7. Nothing in this Decree shall be construed to limit or reduce Defendants' obligations to comply fully with Title VII or any other federal employment statute.

8. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or that may later arise against Defendants, in accordance with standard EEOC procedures.

9. The provisions of this Decree shall be applicable to PCACCC's personnel located at its McClellan, California facility, including managers and employees, unless otherwise specified (PCACCC Facility).

### IV. JURISDICTION

10. The Court has jurisdiction over the Parties and the subject matter of this Action. The FAC asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable, and just. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.

11. The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

## V. EFFECTIVE DATE AND DURATION OF DECREE

12. The provisions and agreements contained herein are effective immediately and only upon the date that this Decree is entered by the Court (Effective Date).

13. The Decree shall remain in effect for three (3) years after the Effective Date and will expire on its own terms.

## VI. MONETARY RELIEF

14. Defendants shall compensate the Charging Parties in the total amount of $385,000.00 (Three Hundred Eighty-Five Thousand Dollars) (Settlement Sum) to resolve all claims that were made in the EEOC FAC. Defendants shall pay this Settlement Sum no later than fourteen (14) business days following the Effective Date of the Consent Decree pursuant to the written instructions EEOC provided to Defendants setting forth the addresses where the payments should be sent, deductions to be made from the payments, and completed IRS Forms W-4 and/or W-9 for the Charging Parties.

15. Defendants shall transmit copies of the payments and tracking information for the delivery of the checks to the EEOC's counsel of record at EEOC-SFDO_COMPLIANCE@eeoc.gov on the same day that it mails the checks. Defendants will issue IRS Forms 1099 and/or W2 to each Charging Party as required by law.

16. Defendants will not condition the receipt of monetary relief on either Charging Party agreeing to: (a) maintain as confidential the facts and/or allegations underlying their charges of discrimination and the FAC or the terms of this Consent Decree; (b) waive their statutory right to file a charge with any government agency; (c) not reapply for employment with either Defendant, and (d) a non-disparagement and/or confidentiality agreement.

## VII. GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION

17. Upon entry of this Decree, Defendants and their officers, agents, employees, successors, and assigns are enjoined from discriminating against or subjecting any employee to a hostile work environment based on race as prohibited by Title VII.

18. During the duration of the Decree, Defendants will provide prior written notice to any potential purchaser of Defendants' businesses, or a purchaser or transferee of all or a substantial

portion of Defendants assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the FAC, and the existence and contents of this Consent Decree.

## VIII. SPECIFIC INJUNCTIVE RELIEF

### A. Equal Employment Opportunity Consultant

19. Within forty-five (45) days after the Effective Date, PCACCC shall retain an individual, or designate an in-house employment counsel from PCACCC or its related entities, including its parent corporation, to serve as Equal Employment Opportunity Consultant (Consultant) to assist PCACCC's compliance with Title VII and this Decree by performing the tasks described in paragraphs VIII(B)-(C). The Consultant shall have demonstrated experience in employment discrimination, harassment, and/or hostile work environment issues, including investigations. For the duration of the Decree, the Consultant's responsibilities shall include:

    a. assisting PCACCC in reviewing and modifying its policies and procedures prohibiting discrimination, harassment, and hostile work environment, as well as complaint procedures for addressing discrimination, harassment, and hostile work environment to ensure that PCACCC fully complies with Title VII and all requirements set forth in this Decree;

    b. ensuring that officers and employees at the PCACCC Facility, including managers, supervisory, and human resources employees, including but not limited to superintendents, plant managers, and shift leads, are trained on their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of a hostile work environment and discrimination;

    c. monitoring and tracking all investigations of complaints of harassment, hostile work environment or discrimination based on classes protected by Title VII at the PCACCC Facility, and their resolution to ensure compliance with Title VII and this Decree;

    d. reviewing and modifying its disciplinary measures where an investigation substantiates violations of PCACCC's policies;

    e. developing policies and procedures for monitoring and surveilling the PCACCC Facility to guard against proliferation of racist graffiti, including, e.g., regularly monitoring the facility for graffiti, and taking immediate steps to remove it; and

    f.  ensuring that PCACCC complies with all deadlines and timely submits all reports required by this Decree.

  20.  Within twenty-one (21) days after the Effective Date, PCACCC shall identify its proposed Consultant and submit the Consultant's name and resume or C.V. to the EEOC. The EEOC will thereafter raise any objections to the proposed Consultant within ten (10) days of identification.

  21.  If at any point during the Decree, the Consultant is no longer able to perform the aforementioned duties, PCACCC shall identify its proposed replacement Consultant and submit the replacement Consultant's name and resume or C.V. to the EEOC within thirty (30) days of determining that the Consultant can no longer perform its duties. The EEOC will raise any objections to the proposed Consultant within fifteen (15) days of identification.

  **B.**  **Neutral Job Reference**

  22.  PCACCC will provide Charging Parties with letters of reference identifying their dates of employment, positions held, and that Charging Parties voluntarily resigned and are eligible for rehire. In response to any job verification or job reference request, PCACCC shall not disclose any information about, or refer to Charging Parties' charge of discrimination or internal complaints of harassment or discrimination, or this lawsuit.

  **C.**  **Policy and Procedure Concerning Discrimination, Harassment and Retaliation**

  23.  Within ninety (90) days of the Effective Date, PCACCC shall review and revise its written policies and internal procedures prohibiting discrimination, harassment, a hostile work environment and/or retaliation prohibited under Title VII, and for receiving and investigating such complaints.

  24.  The policies shall include:

    a.  a clear explanation of prohibited conduct under Title VII, including race-based discrimination, harassment, a hostile work environment and retaliation, with examples specific to the manufacturing industry;

    b.  a statement that the policies and procedures have been promulgated at the direction of and endorsement by the highest level of PCACCC's management;

c. a requirement that owners, officers, supervisors, managers, plant managers, superintendents, and shift leads and other supervisors must actively monitor employees' compliance with PCACCC's policies prohibiting discrimination, harassment, a hostile work environment, and/or retaliation that may be covered by Title VII, and must report any incidents and/or complaints of potential violations of those policies that they observe, or of which they become aware, to their respective Human Resources Department or the Consultant;

d. an internal complaint procedure, including a confidential, toll-free Complaint Hotline, accessible 24 hours per day, seven days per week, and staffed during ordinary operating hours; and,

e. a clear explanation that PCACCC shall hold all employees, including officers, management, supervisors, shift leads, and human resources employees, accountable for engaging in conduct prohibited under Title VII and/or failing to take appropriate proportional action sufficient to address discrimination, harassment, a hostile work environment or retaliation.

25. The internal complaint procedure referenced in Paragraph 24 above shall, at a minimum, clearly state that:

a. An employee who believes that he or she has suffered discrimination, harassment, a hostile work environment or retaliation may initiate an internal complaint by notifying an owner, manager, or human resources personnel, or may file a complaint directly with an external agency, such as the Civil Rights Department, the U.S. Equal Employment Opportunity Commission, or both.

b. Employees may initiate an internal complaint verbally or in writing to any owner, manager, or human resources personnel, and that no special form is required. PCACCC's policies shall include the contact information for employees to reach the Consultant directly. Upon receipt of a complaint regarding a potential violation of PCACCC's policies prohibiting discrimination, harassment, or retaliation for making complaints regarding such misconduct based on classes covered by Title VII, an owner, manager, or human resources personnel shall memorialize the complaint in writing, maintain a record of the complaint, and immediately notify the Consultant about the complaint.

c. Within ten (10) days of receiving a complaint regarding a potential violation of PCACCC's policies prohibiting discrimination, harassment, or retaliation for a making complaint regarding such misconduct based on classes covered by Title VII, a Human Resources representative or Consultant will promptly commence an investigation, and will complete the investigation within fifteen (15) business days, unless completion of the investigation within fifteen (15) business days would negatively impair the effectiveness of the investigation.

d. The Human Resources representative or Consultant shall gather, preserve, and document all evidence of the alleged harassment, including but not limited to obtaining surveillance and/or security footage of the area, photographing any racist paraphernalia, and collecting any written correspondence.

e. The Consultant will review and provide written approval of any investigation and its results under this Paragraph.

f. Within five (5) days of completing the investigation, the Human Resources representative will communicate with the complainant in writing regarding the status of the complaint, investigation, results of the investigation and any remedial action taken if the complaint is substantiated (without specifically identifying the disciplinary action taken).

g. PCACCC will not tolerate retaliation against any employee for complaining about discrimination, harassment, or retaliation that he or she reasonably believes is prohibited by Title VII, or for assisting or participating in the internal complaint procedure or any external complaint procedure.

h. PCACCC will keep confidential, to the extent possible, and not publicize unnecessarily the subject matter of the complaints or the identity of the complainants, unless necessary for purposes of the investigation.

i. PCACCC will memorialize verbal complaints regarding discrimination, harassment, or retaliation for making complaints regarding such misconduct that potentially violates Title VII, and maintain written records of all investigatory steps, including interview notes, findings or conclusions of the investigation and any remedial actions taken.

j. The internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment, or retaliation under any available municipal, state, or federal law.

k. If an allegation of discrimination, harassment, or retaliation in violation of Title VII against any employee is substantiated, then such conduct will result in appropriate and proportionate discipline, up to and including discharge.

26. Within seventy-five (75) days of the Effective Date, PCACCC shall provide the EEOC with a copy of the policies and procedures described in this Section, including the revised internal complaint procedures. Upon receipt, the EEOC shall have ten (10) days to review and/or comment on the policies and procedures. No later than one hundred twenty (120) days after the Effective Date, PCACCC shall disseminate the policies and procedures described in this Section to all employees, including management, supervisory, and human resources employees.

27. PCACCC shall provide hard copies of all policies referenced in Section VIII(C) to new employees within thirty (30) days of hire.

28. PCACCC shall submit to the EEOC, for its review and consideration, no later than thirty (30) days before adoption, any proposed material modifications to the policies referenced in this Section VIII(C). The EEOC will notify PCACCC within fifteen (15) days of receipt of the proposed modifications if it has any concerns about the proposed modifications.

29. For purposes of this Section, "material modifications" shall refer to any modifications to the substantive provisions referenced in Paragraphs 24-29 above.

**D. Training**

30. All PCACCC Facility non-supervisory employees shall be required to attend a live, interactive training program once annually for the duration of this Decree. "Live" shall mean in-person, remote, virtual, or some combination of remote and virtual. The program shall be at least one (1) hour in length and shall include:

a. instruction on equal employment opportunity rights and responsibilities, including but not limited to, Title VII's prohibitions against race discrimination, harassment, a racially hostile work environment and/or retaliation, and PCACCC policies and procedures for

reporting and handling complaints of discrimination, harassment, hostile work environment and/or retaliation;

   b. instruction and scenarios related to racist graffiti, nooses, swastikas, and their historical implications for African-American employees, and discussion regarding how such incidents will be addressed, and the consequences for employees who have engaged in such behavior;

   c. a component of "respectful workplace training," i.e., instruction intended to educate employees about conduct that is unacceptable in the workplace, including behavior which, if left unchecked, may rise to the level of actionable discrimination, harassment, hostile work environment and/or retaliation;

   d. a component of "bystander intervention training" i.e., instruction that will emphasize that a co-worker who observes discrimination, harassment, hostile work environment or retaliation should report it to management, Human Resources, and/or the Consultant;

   e. a hard copy of the policies discussed in Section VIII(C), including the internal complaint procedure, shall be disseminated to each participant in the training; and,

   f. PCACCC shall ensure that the training is developed and administered by instructors with expertise in or who have been trained in federal anti-discrimination laws, and specifically prohibiting discrimination, harassment, hostile work environment and retaliation. The initial training of non-supervisory employees shall be concluded within one hundred twenty (120) days of the Effective Date and must be video-recorded.

  31. All PCACCC Facility human resources and supervisory personnel, including but not limited to managers, officers, superintendents, plant managers, and the following Schwarz personnel: human resources staff, Director of Employee Relations, Vice President-Human Resources, and General Manager, shall be required to attend live, interactive training annually for the term of this Decree. "Live" shall mean in-person, remote, virtual, or some combination of remote and virtual. The program will be at least two (2) hours in length and, in addition to the topics listed in Paragraph 31 above, shall include training on recognizing discrimination and a hostile work environment; taking preventative and corrective measures against discrimination, harassment, hostile

work environment and/or retaliation, including discipline for failure to comply with Defendants' policies; the responsibilities of managers under equal employment opportunity laws; properly handling and investigating complaints of discrimination, harassment and/or hostile work environment in accordance with the internal complaint procedure; and how to prevent retaliation. The initial training of supervisory employees must be concluded within one hundred twenty (120) days of the Effective Date and must be video-recorded.

32. Thereafter, during the duration of the Decree, all employees hired or promoted into the positions identified in Paragraph 32 shall receive the harassment training described in Paragraphs 31-32 within thirty (30) days of hire or promotion. If no live training is scheduled to occur within thirty (30) days of the hire or promotion, the employee may satisfy the training requirement by watching a video recording of the prior live training. Employees required to watch the video recording shall be provided an opportunity to submit questions to, and to receive answers from, Human Resources regarding the materials covered during the live training.

33. Defendants shall track in writing or electronically all employees required to attend, and who do attend, a training program described in Section VIII(D).

34. Within sixty (60) days after the Effective Date, Defendants shall identify to the EEOC all proposed instructors for the training to be provided pursuant to Section VIII(D) of this Decree. The EEOC will raise any objections to the proposed trainers within fifteen (15) days of identification.

35. At least thirty (30) days prior to the live annual trainings required under this Section, Defendants will provide the EEOC with notice of the date, time, and location of the scheduled training. The EEOC, at its discretion, may attend and observe one or more of the training sessions and may provide changes to be implemented by the trainer.

36. Within one hundred (100) days after the Effective Date, Defendants shall submit to the EEOC a description of all training to be provided pursuant to Section VIII(D) of this Decree and the curriculum and materials developed for the trainees. EEOC may provide comment within ten (10) days regarding any proposed revisions to the trainings.

37. For all subsequent training sessions, Defendants shall provide the EEOC with copies of all training materials (if materially changed in any way) no later than thirty (30) days prior to use. The EEOC will advise Defendants of any objections or comments to proposed training materials within fifteen (15) days.

38. For purposes of this Section, "materially" shall refer to any modifications that change the substantive provisions referenced in Paragraphs 31-32 of this Section.

### E. Policies Designed to Promote Accountability

39. The policies required by Paragraph VIII(C) shall include policies and standards that specifically state that all managers, shift leads, superintendents, hiring officials, and human resources personnel have a duty to ensure compliance with EEO policies. PCACCC shall impose discipline, up to and including termination of employment, upon any manager, shift lead, superintendent, hiring official, or human resources personnel who PCACCC determines have discriminated against any employee or subjected an employee to a hostile work environment based in violation of Title VII, or who they determine have retaliated against any person who complains about or participates in any investigation or proceeding concerning any alleged violation of Title VII.

### F. Other Injunctions

40. Defendants are enjoined from employing or contracting, either directly or through a sibling, parent, or subsidiary entity, with Robert Ambs. Within seven (7) days of the Effective Date, Defendants will place in Mr. Ambs' personnel file a notation that he is ineligible for rehire.

## IX. NOTICE

41. Within fourteen (14) days after the Effective Date, PCACCC shall post for the duration of this Decree, in a prominent place frequented by employees at PCACCC Facility, the notice attached as Exhibit A (Notice). The Notice shall be replaced within five (5) business days if it is removed or becomes defaced. PCACCC shall certify to the EEOC in writing that the Notice has been posted and the location of the posting within ten (10) days of posting. Within fourteen (14) days after the Effective Date, PCACCC shall mail a copy of the Notice to all current employees at the PCACCC Facility by USPS First Class Mail to the current or last known physical address of such individuals.

## X. REPORTING

42. In addition to the notice requirements above, Defendants shall provide the following reports to the EEOC by e-mail to EEOC-SFDO_COMPLIANCE@eeoc.gov:

    a. Within one hundred eighty days (180) days after the Effective Date, PCACCC shall submit to EEOC an initial report containing the following information regarding its actions under this Decree:

        i. PCACCC shall provide a copy of its discrimination, hostile work environment and retaliation policies required under the terms of this Decree, including the internal complaint and investigation procedures;

        ii. PCACCC shall provide statements confirming all training required under this Decree have been scheduled and/or completed; and,

        iii. PCACCC shall provide a certification that Mr. Ambs' personnel file indicates that he is ineligible for employment with PCACCC.

    b. Within one hundred eighty days (180) days after the Effective Date, Schwarz shall submit to EEOC a certification that Mr. Ambs' personnel file indicates that he is ineligible for employment with Schwarz.

    c. PCACCC shall also provide semi-annual reports throughout the term of this Decree containing the following information regarding its actions under this Decree. The first report shall be submitted within one hundred eighty (180) days of the Effective Date; subsequent reports shall be submitted every one hundred eighty (180) days throughout the duration of the Decree:

        i. PCACCC shall provide complete attendance lists for all training sessions required under this Decree that took place during the previous six months. The list shall include for each individual, their hire date, job title, supervisory status, and the date of their attendance at the training.

        ii. PCACCC shall provide a report detailing any race harassment or racially hostile work environment complaints made to, investigated by, or resolved by PCACCC in the previous six months at the PCACCC

Facility. This report shall include, at a minimum: (1) the names and contact information of the complainants and witnesses identified during the investigation; (2) the nature of the complaint; (3) the names of the alleged perpetrators of race discrimination or racially hostile work environment; (4) the dates of the alleged race discrimination or racially hostile work environment; (5) a brief summary of how each complaint was resolved; and (6) the identity of each of PCACCC's employee(s) who investigated or resolved each complaint. Upon request from the EEOC, PCACCC shall within seven (7) days provide the EEOC copies of the documentation, including investigative records, for any complaints and investigations described in the report.

    iii. PCACCC shall provide the information mandated in Paragraph 44(b)(2) in one of the following searchable formats: Excel, Access, or ASCII delimited (csv). Regardless of the format, the first row shall consist of the field (or variable) names. There must be one column for each field (variable) requested. First and last names must be provided as separate fields (variables).

    iv. PCACCC shall provide a signed certification from PCACCC's president or chief managing officer that PCACCC has satisfied the notice posting and mailing requirements of Section IX for the preceding one hundred eighty (180) days, and that the posting has not been defaced or, if it has been defaced or damaged, that it has been replaced.

    v. Defendants shall provide a description of any purchase or transfer of all or a portion of Defendants' assets, including the identification of the purchaser or transferee and the date(s) of any transfer or purchase.

/ / /

## XI. MODIFICATION AND SEVERABILITY

43. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing and signed by an authorized representative of each Party and approved by the Court.

44. If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes. In any such event, the remaining provisions will remain in full force and effect.

## XII. DURATION OF CONSENT DECREE AND CONTINUED JURISDICTION

45. This Action shall be dismissed with prejudice. In addition, the dismissal of Packaging Corporation of America on January 28, 2021 (Doc. 15), which was a dismissal without prejudice, shall be converted to a dismissal with prejudice. The Court shall retain jurisdiction over the Action during the duration of this Consent Decree for the purpose of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein. The procedures described below are not intended to diminish this Court's inherent power to enforce any provision of this Decree.

46. This Consent Decree shall expire three (3) years after the Effective Date, unless the Court has extended the duration of the Decree pursuant to Paragraph 48 below.

47. If the EEOC has reason to believe that Defendants have failed to comply with any provision of this Decree, the EEOC may petition or may bring an action before this Court to enforce the Decree. Prior to initiating such petition or action, the EEOC will notify Defendants, in writing, of the nature of the alleged breach of the Decree. Defendants shall have thirty (30) days from receipt of the EEOC's written notice of the alleged breach to resolve or cure the alleged material breach. The thirty (30) day period following written notice shall be used by the Parties in good faith to resolve the issue. If, after thirty (30) days have passed with no resolution, the EEOC may petition or bring an action before this Court for compliance with this Decree. If the EEOC petitions the Court and the Court finds either Defendant to be in substantial violation of the terms of the Decree, the

Court may extend the duration of the Consent Decree as to the offending Defendant and afford other relief as the Court may deem appropriate.

### XIII. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

48. Each Defendant shall bear all costs associated with its administration and implementation of its respective obligations under this Decree.

### XIV. COSTS AND ATTORNEYS' FEES

49. Each Party shall bear its own costs of suit and attorneys' fees.

### XV. COUNTERPARTS AND FACSIMILE SIGNATURES

50. This Decree may be signed in counterparts. An electronic or facsimile signature shall have the same force and effect of an original signature or copy thereof.

///

///

///

All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

Dated: October 27, 2022

BY: /s/ Roberta L. Steele
    ROBERTA L. STEELE
    Regional Attorney

    MARCIA L. MITCHELL
    Supervisory Trial Attorney

    JAMES H. BAKER
    Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102

*Attorneys for Plaintiff EEOC*

GWENDOLYN Y REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

Office of the General Counsel
131 "M" Street NE
Washington, D.C. 20507

Dated: October 27, 2022    LITTLER MENDELSON, P.C.

By:  /s/ Timothy S. Anderson (as authorized on 10/27/22)
    Timothy S. Anderson
    Nicholas W. McKinney

*Attorneys for Defendant,*
*Packaging Corporation of America Central California Corrugated, LLC*

Dated: October 27, 2022    JACKSON LEWIS, P.C.

By:  /s/ Gina M. Roccanova (as authorized on 10/27/22)
    Gina M. Roccanova

*Attorneys for Defendant,*
*Schwarz Partners, LP*

# EXHIBIT A

## NOTICE TO EMPLOYEES

A federal agency called the U.S. Equal Employment Opportunity Commission (EEOC) and Packaging Corporation of America Central California Corrugated, LLC (PCACCC) have resolved a lawsuit by the EEOC involving allegations that a former employee of Northern Sheets, LLC, and former employee of Northern Sheets, LLC and PCACCC were allegedly subjected to a racially hostile work environment. The title of the lawsuit is: *U.S. Equal Employment Opportunity Commission vs. Packaging Corporation of America Central California Corrugated, LLC, et al.;* Case No. 2:20-CV-01948-MCE-CKD. The lawsuit was filed at the Sacramento Federal Courthouse. This notice is being posted and circulated to current employees by order of the Court to settle the lawsuit.

Pursuant to the settlement, PCACCC has instituted additional policies and procedures to prevent race discrimination or a hostile work environment. PCACCC will also provide training for all employees, supervisors, and managers to make sure there is no race discrimination or racial harassment in the workplace.

If you have any questions or complaints of harassment or discrimination, you can follow the complaint process in your handbook, or you can contact the EEOC. The EEOC is the federal agency that protects employees from racial harassment, retaliation and unfair treatment based on race. Talking to the EEOC is free and the agency has employees who speak different languages including English, ASL, Spanish and many other languages.

For information about the EEOC, including the location nearest to you can contact:

Website: www.eeoc.gov
Phone number: (408) 291-7282
TDD: (408) 291-7374
96 North Third Street, Suite 250
San Jose, CA 95112
Email: info@ask.eeoc.gov

**THIS POSTING IS AN OFFICIAL NOTICE AND BY ORDER OF THE COURT**

**MUST NOT BE DEFACED OR OBSCURED**

Dated: _____

Packaging Corporation of America Central California Corrugated, LLC